# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLEN BOOTAY, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>KBR, INC.; KELLOGG, BROWN & )<br>ROOT SERVICES, INC.; KBR )<br>TECHNICAL SERVICES, INC.; )<br>OVERSEAS ADMINISTRATION )<br>SERVICES, LTD.; and SERVICES )<br>EMPLOYEES INTERNATIONAL, INC., )<br>    Defendants. ) | 2:09-cv-1241 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are PLAINTIFF'S MOTION TO VACATE ORDER OF SEPTEMBER 9, 2010/MOTION FOR RECONSIDERATION PURSUANT TO F.R.C.P. 59(e) (Document No. 59) and PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINT (Document No. 60). Defendants have filed responses to the motions and they are now ripe for disposition.

Factual and Procedural Background

The Court has previously discussed the background of this difficult case in detail, and does not need to repeat it here. Briefly summarized, Plaintiff was an Army sergeant on active military duty during the Iraq war and was assigned by the Army to perform a mission at the Qarmat Ali water treatment facility in Iraq for four days in April 2003. This case was filed in 2009 and arises out of the serious health conditions from which Plaintiff suffers, allegedly due to his exposure to sodium dichromate during the days he spent at Qarmat Ali. Bootay's theory of

the case, in essence, is that Defendants knew or should have known about the presence of sodium dichromate and danger posed to him by exposure to sodium dichromate such that they had a duty to warn him and to protect him from that danger.

On March 26, 2010, the Court issued a Memorandum Opinion and Order which granted the motion to dismiss the original Complaint for lack of personal jurisdiction filed by three of the five named Defendants, KBR, Inc., Overseas Administration Services, Ltd. ("Overseas"), and Service Employees International, Inc. ("SEII") (collectively the "Jurisdictional Movants"). In the same Opinion, the Court granted the motion to dismiss for failure to state a claim filed by the remaining Defendants, KBRSI and KBR Technical Services, Inc. ("KBR Technical"), because the allegations of the original Complaint were not pled with sufficient particularity to toll the statute of limitations.

The Court permitted Plaintiff to file an Amended Complaint, but cautioned that Defendants had raised additional legal challenges that appeared to have merit and that it would be important for Plaintiff to address these alleged shortcomings as well, if he chose to amend his complaint. The Court specifically identified Defendant's contention that "the negligence claim must fail because Defendants owed no duty to warn an individual soldier." Memorandum Opinion dated March 26, 2010 at 12 n.4. Plaintiff filed his Amended Complaint on April 9, 2010 and Defendants renewed their motions to dismiss, again alleging lack of personal jurisdiction and failure to state a claim.

On September 9, 2010, the Court issued a Memorandum Opinion and Order which granted the renewed motions to dismiss. The Court again concluded that it lacked personal jurisdiction over three of the Defendant entities. Plaintiff does not seek reconsideration of this

2

determination. The Court then concluded that the averments of the Amended Complaint were sufficient to toll the statute of limitations, but failed to state a legally cognizable claim. In particular, the Court explained at length that the negligence and breach of contract claims must fail because Defendants did not owe a "duty" to Bootay under the facts and circumstances set forth in the Amended Complaint. The Court concluded that to permit Plaintiff a third opportunity to state a claim would be inequitable and/or futile and dismissed the case with prejudice. Plaintiff now seeks reconsideration of the September 9, 2010 Memorandum Opinion and asks for leave to file another amended complaint.

Standard of Review

A motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Reconsideration is not appropriate where a movant is simply seeking a "second bite at the apple." *Calhoun v. Mann* *1 (E.D. Pa. January 22, 2009).

Legal Analysis

Plaintiff contends that reconsideration is appropriate so that the Court may consider certain filings in other Qarmat Ali sodium dichromate exposure cases: (1) an opinion issued by a magistrate judge in *Bixby v. KBR*, 2010 WL 3418340 (D. Or. August 30, 2010) (the "*Bixby* Opinion"); and (2) a brief filed by other plaintiffs in *McManaway v. KBR*, (S.D. Tex.), and the exhibits attached thereto (the "*McManaway* Brief"). Plaintiff has not submitted any newly

discovered evidence or any changes in controlling case law and has not identified any manifest errors of law or fact.

The *Bixby* Opinion was filed approximately ten days prior to the issuance of this Court's Memorandum Opinion on September 9, 2010 and the Court was aware of it at that time. Indeed, the Court noted that its jurisdictional analysis was consistent with the analysis in *Bixby*. *See* Memorandum Opinion at 7 (citing *Bixby v. KBR*, 2010 WL 1499455 (D.Or. April 12, 2010)). The reason that the August 30, 2010 *Bixby* Opinion was not cited by the Court is because it is simply not on-point. The *Bixby* Opinion dealt with several specific defenses raised by KBR in that case: (1) that the Oregon court lacked jurisdiction under the "political question" doctrine; (2) that KBR was entitled to sovereign immunity under the "government contractor" defense; and (3) that KBR was immune from suit under the "combat operations" exception to the Federal Tort Claims Act. None of these defenses are presently at issue in this case, although KBR reserved the right to raise them at a later date if necessary. In short, the *Bixby* Opinion is irrelevant to the issues now before the Court in this case and, in any event, does not convince the Court to modify its decision.

The *McManaway* Brief is also unavailing. Nothing about the <u>evidence</u> introduced in the Texas case can remedy the shortcomings of the <u>pleadings</u> in this case. Plaintiff's contention that he has been deprived of the opportunity to take discovery to respond to KBR's Rule 12(b)(6) motion illustrates this basic confusion. The purpose of Rule 12(b)(6) and the *Twombly* standard is to make a threshold evaluation as to whether the complaint alleges a plausible claim that merits initiation of the expensive and time-consuming discovery process. The Amended Complaint has fallen short under the *Twombly* standard. Furthermore, the the *McManaway* Brief

4

and exhibits are not "new." They were part of the voluminous record that was reviewed by this Court prior to issuing its Memorandum Opinion on September 9, 2010 and nothing in it suffices to persuade the Court that KBR owed a duty owed to Bootay.[1]

Plaintiff has not identified any manifest errors of law or fact. Plaintiff wrongly contends that the Court's decision was solely based on the unclassified version of the RIO contract that had been submitted for its consideration. To the contrary, the Court's decision was based on the relationship between the parties (or lack thereof) and the five-factor test required by Pennsylvania law. The Court carefully attempted to distill and discern the basic factual allegations that were applicable to the "duty" analysis from the lengthy and disjointed Amended Complaint and exhibits, to wit: the sodium dichromate had been placed at Qarmat Ali by Baath Party Iraqis; KBR was a private contractor who entered into an agreement with the military to support the Iraq War effort; Bootay was an active-duty member of the United States Army who was ordered, by the Army, to conduct a mission at Qarmat Ali in April 2003; Bootay was on active duty at Qarmat Ali for four days; and during that time, Bootay had no direct interactions with KBR or any of its employees. The Court then applied these facts to the five-factor "duty" analysis directed by Pennsylvania law and Third Circuit precedent. Briefly summarized, the Court concluded that Defendants owed no "duty" to individual service members, such as Bootay,

---

[1] Bootay cites to pp. 2-4 of the *McManaway* Brief, which in turn, cites to various portions of the deposition testimony given by General Robert Crear, former Commander of Task Force RIO for the Army Corps of Engineers. The Court has examined all of this testimony and is not convinced to change its conclusion. In particular, General Crear's expectation that KBR would share information about chemical hazards at <u>daily safety meetings</u>, in which KBR personnel <u>actually met</u> with military personnel, *see* Crear Deposition at 57-58, does not apply to the situation in this case – in which it is undisputed that KBR and Bootay had no interactions whatsoever. The Court expresses no opinion as to the outcome of the Texas or Oregon cases.

with whom they had no interaction because it was the Iraqis who created the sodium dichromate hazard and it was the Army who ordered Bootay to perform a duty mission at Qarmat Ali. Tellingly, Plaintiff's motion for reconsideration does not assert that any of these facts are incorrect, nor does it identify a single error in the Court's analysis of the controlling legal authorities it cited.[2] Plaintiff simply disagrees with the Court's legal conclusion that KBR's duty does not extend to individual soldiers with whom it had no direct interaction. The proper avenue for that disagreement is a direct appeal to the Court of Appeals for the Third Circuit.

Leave to Amend

The original Complaint in this case was dismissed on statute of limitations and lack of personal jurisdiction grounds. The Court permitted Plaintiff to file an Amended Complaint, but noted that Defendants had raised additional legal challenges that appeared to have merit and stated: "If Bootay chooses to file an amended complaint, it will be important to address these alleged shortcomings as well, to assure that the amended complaint contains sufficient factual allegations to render the claim(s) "plausible" in compliance with the pleading standard set forth in *Twombly* and *Phillips*." The Court specifically highlighted KBR's argument regarding its lack of a duty to an individual soldier, see Memorandum Opinion dated March 26, 2010 at 12 n.4, such that Plaintiff cannot reasonably claim surprise at this juncture. The Amended Complaint again failed to state a claim upon which relief may be granted and the Court concluded that further attempts to amend the complaint would be inequitable and/or futile. Plaintiff's motion for reconsideration and motion for leave for a third "bite at the apple" largely rehash the

---

[2]Plaintiff's allegations about alleged concealment of evidence by KBR in the "summer of 2003" are misplaced, because Bootay was at Qarmat Ali for only four days in April 2003.

arguments and evidence that has been previously presented.  Further, Plaintiff has not explained (other than the citations to the Oregon and Texas cases discussed above) how another amendment would or could cure the lack of a "duty" allegedly owed by KBR to Bootay. Accordingly, the Court will adhere to its decision to not grant leave to further amend the Complaint.

The Court is personally grateful to Sergeant Bootay for his patriotic service to the nation and is grieved by his present medical condition.  Nevertheless, as the Court of Appeals explained in *Henry v. United States*, 46 F.2d 640, 642 (3d Cir. 1931):  "Whatever one's sympathy may be, well-established rules of law and equity found by long experience to be wise and in the end best for all the people as a whole may not be discarded and set aside, in the absence of special circumstances and sound reason therefor."

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLEN BOOTAY,<br>　　Plaintiff,<br><br>　　　　v.<br><br>KBR, INC.; KELLOGG, BROWN &<br>ROOT SERVICES, INC.; KBR<br>TECHNICAL SERVICES, INC.;<br>OVERSEAS ADMINISTRATION<br>SERVICES, LTD.; and SERVICES<br>EMPLOYEES INTERNATIONAL, INC.,<br>　　Defendants. | )<br>)<br>)<br>) 2:09-cv-1241<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 8th day of October, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFF'S MOTION TO VACATE ORDER OF SEPTEMBER 9, 2010/MOTION FOR RECONSIDERATION PURSUANT TO F.R.C.P. 59(e) (Document No. 59) is **DENIED**; and PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINT (Document No. 60) is **DENIED**.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ Terrence F. McVerry
　　　　　　　　　　　　　　　　　　United States District Court Judge

cc: Fred C. Jug , Jr., Esquire
Email: fredjug@covad.net

Joseph L. Luciana , III, Esquire

Email: jluciana@dfllegal.com

John R. Dingess, Esquire

Email: jdingess@dfllegal.com

William Wickard, Esquire

Email: william.wickard@klgates.com